UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

DENIENE WILBER and ROSS WILBER,
Each Individually and as Parents and Natural
Guardians and on behalf of S.W.,
a minor child,

    Plaintiffs

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINE,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiffs, DENIENE WILBER and ROSS WILBER, each individually and as Parents and Natural Guardians and on behalf of S.W., a minor child, hereby sue the Defendant and files this Complaint for Damages and say:

## THE PARTIES AND JURISDICTION

1.    This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2.    **THE PLAINTIFFS.** The Plaintiffs Deniene Wilber and Ross Wilber are the parents and natural guardians of S.W., a minor child. Deniene Wilber and Ross Wilber bring this suit individually and as the parents and natural guardians of their daughter S.W. The Plaintiffs Deniene Wilber and Ross Wilber are sui juris. The Plaintiffs live and are residents of Oxford, Michigan.

1

3. **THE DEFENDANT**. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE (hereinafter referred to as CARNIVAL or Defendant or the cruise line) is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

>(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

>(b) Had an office or agency in this state and/or county; and/or

>(c) Engaged in substantial activity within this state; and/or

>(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT**. The incident occurred on April 7, 2016.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel Carnival *Sunshine*, a ship in navigable water while the Plaintiffs were passengers onboard. Accordingly, the Plaintiffs' claims are governed by the general maritime law. Specifically, the Plaintiffs' incident occurred on the 11th Deck in the Serenity & Sport Square miniature golf area.

9. **STATUS OF PLAINTIFFS AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiffs were passengers on the subject cruise ship described herein and, accordingly, were invitees while on the vessel.

**COUNT I: NEGLIGENCE**

10. The Plaintiffs Deniene Wilber and Ross Wilber as Parents and Natural Guardians and on behalf of S.W. a minor child hereby adopt and re-allege each and every allegation in paragraphs 1 through 9, above.

11. This is an action for negligence. Carnival has a duty of care under the circumstances to provide and otherwise maintain its floors and passageways in a safe condition, especially the floors and passageways on Deck 11 in the Serenity and Sport Square miniature golf area. The circumstances are that Carnival owns and/or manages more than 20 cruise ships, including the Carnival *Sunshine*. Carnival provides for its passengers a Serenity and Sport Square miniature golf area deck on its cruise ships, the deck on which miniature golf and other amenities are located. Carnival knows that this deck is used for recreation by adults and children and used during the day and at night.

12. But Carnival chose to install on this deck resin flooring which is unreasonably and unforeseeably slippery when wet. These decks are wet either from rain or from Carnival crew members when they spray the deck for its daily cleaning. Further, Carnival has positioned on the deck in the miniature golf area structures for each golf green and hole. Each of these structures is constructed like a box and has artificial turf on its top surface. The structure adjacent to where the puddle was located which caused this incident allowed water which fell onto the top of the structure to be funneled onto the resin decking adjacent to the structure. This structure made that funneling effect worse because it had a "V" shape in the top surface. This funneling effect allows the water which hits to the top of the structure to puddle and remain on the deck when the water in other areas of the deck have been cleaned or has evaporated.

13. For the reasons stated above, Carnival knew or should have known that it is extremely important to keep this area dry and safe either through changing out and maintaining the resin decking to maintain the coefficient of friction of this surface; by providing more lighting than was provided so that passengers can readily see the puddles at night; by keeping the area dry using squeegees, towels, and floor fans; by inspecting the deck regularly and after the daily spray washings and after rain; by warning passengers not to traverse the area or that it is slipperier than it looks and unreasonably slippery when wet; and by cordoning off the area or closing the area for use by passengers when there are puddles or when the area is wet.

14. Carnival knew or should have known of the dangerous, slippery, and wet conditions existing on the Deck 11 miniature golf game area on April 7, 2016 for several reasons. First, Carnival operates many mini-golf and outdoor activities onboard the Carnival *Sunshine* and its other ships. Therefore, Carnival knows from experience that water accumulates in different areas of the sports deck making the floors wet and slippery. Second, Carnival knows that the flooring by the miniature golf area is an uncovered and regularly and repetitively exposed to rain and the

4

daily spray cleanings. The artificial turf and the structure of the miniature golf hole and green structures directs water which is on the structure from rain or from the daily spray washings onto the resin flooring. Third, Carnival knows from prior similar incidents on this type of flooring is unreasonably slippery when wet and therefore dangerous. Fourth, Carnival cleans and sprays the area. From that cleaning, Carnival knows that the water accumulates onto the resin decking in the miniature golf area of Deck 11.

15. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

16. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed on Deck 11's miniature golf area and was known or should have been known to the Carnival employees who were responsible for the area or who sprayed or cleaned the area; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

17. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations of the miniature golf. Therefore, no notice to the Defendant is required.

18. Carnival breached its duty of care by failing to properly clean and dry the walking surface in the miniature golf area by any means including squeegees, towels, and floor fans, an area which Carnival provides for adult and children to use during the day and at night, an area which Carnival knows contains the golf structures which funnel water onto areas of the deck; by

allowing the floor in the miniature golf area to remain in a wet, dangerous, and/or unsafe condition for an unreasonable, extended period of time; by failing to inspect regularly and failing to inspect the area when it is known by Carnival to be wet after the Carnival personnel spray wash the area or after rain; by failing to warn passengers that the deck is slippery and dangerous, that passengers should not traverse the area, that the deck is slipperier than it looks, and that the deck is unreasonably slippery when wet; by failing to block or cordon off and failing to close the recreational area when it is wet; by cleaning and spraying water which accumulates on the deck and makes it slippery; by failing to maintain the resin surface by changing out the flooring or resurfacing the flooring and by failing to provide the recommended and reasonable daily or regular care of the resin surface; by failing to provide sufficient lighting in the area which would allow people in the area to see readily puddles of water or wet areas at night; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to comply with Carnival's own standards and industry standards on cleaning, warning, and making safe its decks; and by failing to otherwise make safe the floor of the miniature golf area on the date of this incident.

19.     These breaches of Carnival's duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On April 7, 2016, Carnival allowed a puddle of water to remain on Deck 11's miniature golf area where adjacent to one of the golf structures. That structure had a "V" or dip in its top structure which allowed water from the Carnival spray cleaning or from rain hours earlier to accumulate in an area adjacent to the structure. The lighting at night when this occurred was low and insufficient to allow passengers including the Plaintiff herein to see readily water on the deck.  And without any warnings as to the fact that there was water on the deck, that water had accumulated in puddles on the deck, that the cruise line had not maintained the deck surface reasonably under these circumstances, that the resin

decking was unreasonably slippery when wet, the plaintiff did not know about the water or that the water made the deck unreasonably slippery when wet and stepped into the water, slipped, and fell back hitting her head. Thus, these conditions and the breaches by the cruise line caused the Plaintiff S.W. to fall back and hit her head on that hard resin surface that night.

20. The impact of the Plaintiff's fall caused her to suffer serious injuries including but not limited to a skull fracture with skin laceration to the back of her head, a concussion, internal cranial bleeding, and traumatic brain injury.

21. The Defendant's negligence proximately caused the injuries and damages to the Plaintiffs' minor child in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. These losses are either permanent or continuing. The Plaintiff S.W. has suffered these losses in the past and will continue to suffer these losses in the future.

22. The Defendant's negligence proximately caused damages to the Plaintiffs DENIENE WILBER and ROSS WILBER individually and as parents and natural guardians and on behalf of S.W. a minor child. These damages include medical, psychological, and related expenses incurred on behalf of and for their minor child in the past and future and household expenses incurred on behalf of or for their minor child in the past and in the future.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant for damages recoverable for the injuries to the minor child under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in

the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, all in the past and in the future; damages recoverable for the losses to the parents and natural guardians incurred for or on behalf of or because of the injuries to the minor child including but not limited to all economic damages suffered as a result of the injuries to their minor child, medical expenses in the past and in the future, and household expenses in the past and in the future; costs, interest due under the applicable law including interest incurred and calculated from the date of the subject incident under General Maritime Law; and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey*
John H. Hickey (FBN 305081)
Hickey@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*